UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARLETHA RANKINS,

    Plaintiff,

v.

JAMES HOWARD,
COUNTY OF MILWAUKEE, and
DAVID A. CLARKE, JR.,

    Defendants,

WISCONSIN COUNTY MUTUAL
INSURANCE COMPANY,

    Intervening Defendant.

Case No. 11-CV-1153-JPS

ORDER

Prior to the commencement of this civil lawsuit, defendant James Howard ("Officer Howard") was found guilty of second and third degree sexual assault, arising out of an incident when Officer Howard, who was working as a Correctional Officer in the Milwaukee County Jail, allegedly assaulted[1] plaintiff Marletha Rankins ("Ms. Rankins"). On December 21, 2011, Ms. Rankins filed this civil complaint under 42 U.S.C. § 1983[2] against

---

[1] Howard maintains his innocence. Answer and Cross-Claim (Docket #10) at 1; Brief in Opposition to County Defendants' Motion for Summary Judgment (Docket #51) at 1.

[2] 42 U.S.C. § 1983 provides, in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…."

Officer Howard, the County of Milwaukee ("County"), and Milwaukee County Sheriff David A. Clarke, Jr. ("Sheriff Clarke"), seeking to recover damages, fees, and costs. (Docket #1). Officer Howard filed a cross-claim against the County, arguing that the County may be required to indemnify him for any damages awarded against him to Ms. Rankins. (Docket #10). Presently before the court is a Motion for Summary Judgment filed by the County defendants[3] seeking a summary judgment as to Ms. Rankins's claims, and seeking dismissal of Officer Howard's cross-claim of indemnity. (Docket #43).

1.  Legal Standard

The general standard for assessing motions for summary judgment applies, namely: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

2.  Facts

On March 7, 2009, Ms. Rankins was being held in the Milwaukee County Corrections Facility Central ("Jail"), awaiting extradition to the State of Arkansas. (County Defendants' Proposed Facts "PF" ¶ 1). Ms. Rankins was assigned to cell 39 in Pod 6D on the sixth floor of the Jail. (PF ¶ 1). That

---

[3]The County defendants are the County of Milwaukee and Sheriff Clarke.

evening, Officer Howard, a Corrections Officer employed by the County, was working third shift on the sixth floor of the Jail, along with Officer Jessica Thompson ("Officer Thompson"), a female officer. (PF ¶ 2, ¶ 23).

During the third shift, two officers were assigned to and on duty on each floor; these officers would alternate responsibilities. (PF ¶ 23, ¶ 31). One officer would conduct cell inspections by walking through each pod, pulling on every cell door to make sure they were secure, and looking into each cell window to check on the inmates. (PF ¶ 31). The other officer would staff the "floor control panel" located outside the pods; this officer was responsible for allowing people to come and go and monitoring the medical emergency buttons. (PF ¶ 27). The control panel included TV monitors, telephones, intercoms to each cell on every floor, and a duress alarm or medical emergency button for each cell that the prisoner could push to speak with an officer. (PF ¶ 27).

On March 7, 2009, while conducting jail cell inspections, Officer Howard allegedly entered Ms. Rankins's cell and sexually assaulted her. (PF ¶ 2). Officer Howard allegedly entered her cell on two separate occasions that night. (Plaintiff's Proposed Facts ¶ 2.) Officer Howard was arrested, charged with second degree sexual assault, and suspended from duty without pay. (PF ¶ 43). On September 17, 2010, after trial in Milwaukee County Circuit Court, a jury found Officer Howard guilty of second and third degree sexual assault against Ms. Rankins. (PF ¶ 47).

Page 3 of 7

Case 2:11-cv-01153-JPS   Filed 11/27/12   Page 3 of 7   Document 72

3.  Analysis

In her complaint, Ms. Rankins claims that her constitutional[4] and civil rights were violated due to: (1) the County's alleged failure to train, discipline, and supervise its officers; (2) the County's policies permitting male officers to guard female inmates; and (3) deficient hiring practice and policy. (Compl.) In Rankins's response to the County defendants' motion for summary judgment, Rankins explicitly retreats from her claim of deficient hiring practice and policy, focusing instead on the County's training programs, supervision, and the policies and procedures followed by officers on the night of the assault. Response Brief (Docket #55) at 2.

To prevail on her claims, Ms. Rankins bears the burden to establish that "deliberate action attributable to the municipality directly caused a deprivation of federal rights." *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 415 (1997). Arguments relying on *respondeat superior* are insufficient to support liability under § 1983; instead, Ms. Rankins must establish that the County itself caused the alleged constitutional violation. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978). In addition to proving causation, Ms. Rankins must show that the County was deliberately indifferent to her constitutional rights. *Bryan Cty.*, 520 U.S. at 407.

The County defendants claim entitlement to summary judgment against Ms. Rankins, arguing that she cannot show that a County policy or custom was the cause of Howard's sexual assault of plaintiff. Motion Brief

---

[4]Rankins was in Jail awaiting extradition to the State of Arkansas, thus, her § 1983 claim is founded in the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). The Seventh Circuit has instructed that these standards are analogous. *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 764 (7th Cir. 2002).

(Docket #44) at 2. Rankins responds that the County's supervision policies and procedures provide a causal link to the assault and evince "deliberate indifference" to her Constitutional rights. Response Brief at 4. The court concludes that there are genuine disputes as to material facts, and therefore the court cannot resolve the claims via summary judgment.

In her response brief, Ms. Rankins argues that Officer Thompson's failure to supervise Officer Howard's activities was "a direct cause of the injuries to plaintiff." Response at 5. Ms. Rankins argues that it is a question of fact for the jury as to whether Officer Thompson should have observed that Officer Howard took an extended period of time to do his rounds on the night of the assault. Response at 5, 7. Additionally, according to Ms. Rankins's expert witness, Warren Cook, the County could have installed "redundant door indicator lights" which would light up at the floor control panel when a cell door was open. Response at 7. According to Ms. Rankins, this would have alerted Officer Thompson that Officer Howard had entered Ms. Rankins's cell. Response at 7. Ms. Rankins also argues that Officer Thompson could have monitored Officer Howard via the "Schlage" device at each level of the pods, which records the location of the officers, or via video cameras set up in the Jail. Response at 6, 8. The common thread running through each of Ms. Rankins's arguments is that Officer Thompson did not adequately supervise Officer Howard, and that the Jail policy is inadequate because it does not require such supervision.

The County defendants contend that plaintiff's arguments as to what policies the Jail could have had are inadequate to show deliberate indifference to her constitutional rights. Reply (Docket #60) at 7. The County defendants claim that Ms. Rankins's expert, Warren Cook, "offered no

criticism of Howard's direct supervisor, the supervision of Howard on the night in question, or of Milwaukee County's staffing of the pod in general." Reply at 8. The court concludes that Cook's analysis does, in fact, challenge the Jail's supervision policies. Cook's "Supplemental Observations and Opinions," appended to Ms. Rankins's Response Brief, state both "Officer Jessica Thompson…did not properly monitor Officer Howard's activities while performing his inspection" and "…Rankins [ ] was unlawfully treated with deliberate indifference and sexually assaulted on numerous occasions by Corrections Officer James Howard, facilitated by the negligence of Officer Jessica Thompson." Supplemental Report of Findings - August 9, 2012 (Docket #47-11) at 2. Construing all evidence and inferences in favor of Ms. Rankins, the court can only conclude that there exists a dispute as to the supervision of Officer Howard, and that the dispute is material in that it "might affect the outcome of the suit." *Anderson*, 477 U.S. at 255, 248. Further, this dispute is "genuine," as "a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Accordingly, the County defendants' motion for summary judgment of Ms. Rankins's claims will be denied.

The County defendants also ask that the court dismiss Ms. Rankins's claim for statutory indemnification and Officer Howard's cross-claim for indemnity. These requests will be denied without prejudice, and the issue of indemnification will be reserved for further consideration at trial.

Accordingly,

IT IS ORDERED that the County defendants' motion for summary judgment (Docket #43) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 27th day of November, 2012.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge